UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OUSSAMA EL OMARI,

Plaintiff,

– against –

RAS AL KHAIMAH FREE TRADE ZONE AUTHORITY, A/K/A R.A.K. FREE TRADE ZONE AUTHORITY, A/K/A RAKFTZA, KREAB (USA) INC., SHEIKH SAUD BIN SAQR AL QASIMI, and THE ARKIN GROUP LLC

Defendants.

Case No. 1:16-CV-3895 (NRB)

(ECF Case)

**DECLARATION OF MOULHAM AL CHAWA**

Moulham Al Chawa declares as follows under penalty of perjury of the laws of the United States:

1. I am a Legal Counsel at Ras Al Khaimah Free Trade Zone Authority ("RAKFTZA"). I have worked at RAKFTZA since March 30, 2014. This affidavit is submitted in support of the motion to dismiss the Second Amended Complaint in order to describe the role of RAKFTZA's CEO and the various criminal and civil proceedings that RAKFTZA has commenced against Plaintiff and their current status. I also present other documents relied upon in the joint motion by RAKFTZA and Sheikh Saud to dismiss the Second Amended Complaint. The facts set forth below are based on my own personal knowledge as well as my review of the documents maintained in the files of RAKFTZA and other publicly available records.

M.C

## The Creation of RAKFTZA

2. In 2000, Sheikh Saqr Bin Muhammed Bin Salim Al Qasimi, the then Ruler of Ras Al Khaimah, issued a law creating RAKFTZA, which was given broad authority for the "establishment, promotion, development, management, organization and operation of the free zone and to institute the necessary facilities." The Authority's powers included making the necessary rules and regulations to manage and organize the free zone and companies and employees working within it, issuing licenses for companies that wish to practice business in the free zone, and obtaining employment visas and residence permits for companies operating in the free zone. A true and correct copy of Ras Al Khaimah Free Trade Zone Law of 2000, dated May 1, 2000, is attached as Exhibit "1".

3. In the same year, Sheikh Saqr Bin Muhammed Bin Salim Al Qasimi also issued Emiri Decree No. 5 of 2000 Concerning the Duties of the Board of Directors of RAKFTZA (the "Board"). The Board was authorized, among other things, to apply and carry out the policy of the Ras Al Khaimah Government as well as the general policy of the UAE Government pertaining to investments and practices of the Free Zone, and to manage the day-to-day operation of RAKFTZA including the development and execution of RAKFTZA's plans, budgets, and employment. The Decree also named Plaintiff as a Member of the Board. A true and correct copy of Emiri Decree No. 5 of 2000, dated July 1, 2000, is attached as Exhibit "2".

4. In 2013, the Ras Al Khaimah Free Trade Zone Law of 2000 was amended by Law No. 4 of 2013, which authorized RAKFTZA, among other powers, to "Establish, promote, develop, manage, organize and operate the free zone," to "create branches or offices, or establish companies or other entities," and to "take any legal procedures and arbitration procedures, and defend and maintain the legal rights of the Free Zone in any place all over the world either by its

M.C

own or by proxy." A true and correct copy of Law No. 4 of 2013, amending Ras Al Khaimah Free Zone Law of 2000, dated May 8, 2013, is attached as Exhibit "3".

**Plaintiff's Position at RAKFTZA**

5. On April 1, 1998, RAKFTZA entered into a contract with Plaintiff engaging him as "Project and Marketing Manager". A true and correct copy of the Employment Contract ("Employment Contract") between RAKFTZA and Plaintiff, dated April 1, 1998, is attached as Exhibit "4".

6. Section 13 of the Employment Contract provides that "Labour Law No. 8 of 1980 and its amendments" would govern "any conditions of service which are not specifically provided" in the Employment Contract. A true and correct copy of United Arab Emirates Labour Law - Federal Labour Law No. 8 of 1980, as amended, is attached as Exhibit "5".

7. On a later stage, Plaintiff's title was changed to CEO and Director General of RAKFTZA. In May 2011, his compensation was increased from AED 70,000 to AED 120,000 per month. A true and correct copy of the Amendment to the Employment Contract between RAKFTZA and Plaintiff, dated May 1, 2011, reflecting this change, is attached as Exhibit "6".

8. A true and correct copy of the job description for the "Director General/CEO" of RAKFTZA, prepared by the RAKFTZA Human Resources Department and checked by the Legal Department, dated August 5, 2003, is attached as Exhibit "7". This description shows that as the Director General/CEO of RAKFTZA, Plaintiff was responsible for leading, supervising, guiding, and planning "all project activities and executive management in accordance to the policies of Free Zones in general," as well as "implementing and monitoring adherence to policies, instructions and guidelines of the Board of Directors and Free Zone Authorities." His duties included overseeing and monitoring the implementation of Board policy, annual budgets,

M.C

the "performance of all employees of [Ras Al Khaimah Free Zone]," and media relations, and contracts entered into by RAKFTZA.

9. A true and correct copy of Plaintiff's website, Section "About Me," available at http://www.oussamaelomari.com/index.php/about-me (last visited August 29, 2016), is attached as Exhibit "8". This description confirms Plaintiff's own understanding of his leadership role at RAKFTZA during his tenure.

## Plaintiff's Termination

10. On January 30, 2012, Salem Ali Al Sharhan was appointed by a decision issued by the Ruler of Ras Al Khaimah to oversee RAKFTZA and administer its activities. On or about May 17, 2012, Mr. Al Sharhan sent Plaintiff an email directing him to "please arrange to return to duty as soon as possible." Plaintiff responded on May 19, 2012, saying that he "shall be able to return by the end of the month." A true and correct copy of this email exchange among Plaintiff, Salem Al Sharhan and Maryam Al Murshedi, from May 17, 2012 to May 19, 2012, is attached as Exhibit "9".

11. On or about May 28, 2012, Salem Ali Al Sharhan, sent an email to Plaintiff attaching a letter informing him that his employment had been terminated with one month notice. On May 29, 2012, Plaintiff sent an email response to Salem Ali Al Sharhan, stating that his termination is "disapproved" by His Highness Sheikh Faisal Al Qasimi ("Sheikh Faisal") (the then chairman of RKFTZA) and that he remains the CEO of RAKFTZA "unless otherwise instructed by the Chairman or Higher Authority." In response, Al Sharhan wrote that Plaintiff's termination was approved by His Highness Sheikh Saud Bin Saqr Al Qasimi ("Sheikh Saud"), (the Ruler of, and the highest Authority in RAK). A true and correct copy of the email

M.C

correspondence among Plaintiff, Salem Al Sharhan, Sheikh Faisal, and Maryam Al Murshedi, from May 28, 2012 to May 30, 2012, is attached as Exhibit "10".

12. A true and correct copy of the calculations for Plaintiff's end of service gratuity, in the amount of AED 2,083,804.86, is attached as Exhibit "11". These calculations show that his end of service gratuity included an additional quarter bonus amount (AED 75,000.00), an "Ex-gratia" amount equivalent to Plaintiff's three months' salary, and a Range Rover, which was "To be Gifted". It also shows that Plaintiff would be permitted to remain in his RAKFTZA paid accommodation through the end of 2012.

13. In September 2012, a check was issued to Plaintiff for his end of service gratuity, in the amount of AED 2,083,804.86. A true and correct copy of the payment voucher for this payment, dated September 25, 2012, in the amount of AED 2,083,804.86, is attached as Exhibit "12"; and a true and correct copy of the cheque issued for the Plaintiff's end of service gratuity amounting to AED 2,083,804.86 is attached as Exhibit "13".

14. In December 2012, Sheikh Faisal, then still the Chairman of RAKFTZA, executed a consulting agreement with a consulting company, GDS & Investment (FZE) which was represented in the consulting agreement by Plaintiff. A true and correct copy of the consulting agreement for the retention of GDS & Investment (FZE) by RAKFTZA, dated December 1, 2012, is attached as Exhibit "14". This consulting agreement was terminated on March 17, 2013.

**The Criminal and Civil Proceedings Against Plaintiff in Ras Al Khaimah**

15. Since Plaintiff's termination, RAKFTZA has discovered a pattern of criminal acts conducted by Plaintiff while he was in office, including embezzlement of RAKFTZA funds,

M.C

and abuse of his public office to enrich himself. The discovery of his misconduct has led to three criminal judgments against him.

16. On or about December 29, 2015, the Ras Al Khaimah Criminal Court issued a judgment against Plaintiff for embezzling $4 million in proceeds of an arbitration award that had been issued in RAKFTZA's favor against Innovida Ras Al Khaimah Factory FZE ("Innovida"). A true and correct copy of the Innovida Judgment, dated December 29, 2015, is attached as Exhibit "15".

17. RAKFTZA also filed a civil lawsuit against Plaintiff for the misappropriated Innovida funds. A true and correct copy of the Innovida Statement of Civil Claim, dated September 15, 2015, asking the court to find Plaintiff and his accomplices jointly liable for $5 million in damages and attorneys' fees, is attached as Exhibit "16". Plaintiff has been represented in this proceeding by the Emirates Advocates law firm. That action remains pending.

18. On or about October 29, 2014, the Ras Al Khaimah Criminal Court issued a judgment against Plaintiff for embezzling funds from RAKFTZA, and otherwise abusing his position by causing RAKFTZA to invest its funds in the Creek Plaza Hotel, in which Plaintiff had personal interests. A true and correct copy of the Creek Plaza judgment, dated October 29, 2014, is attached as Exhibit "17".

19. A true and correct copy of an International Arrest Warrant, dated February 8, 2015, issued in connection with the Creek Plaza judgment, is attached as Exhibit "18". To the best of my knowledge, the United Arab Emirates has requested that an Interpol "Red Notice" be issued, calling for Plaintiff's arrest, on the basis of this warrant.

20. On or about September 27, 2016, the Ras Al Khaimah Criminal Court issued a judgment against Plaintiff for abusing his office by awarding special discounts to a company



M. C

called Emaar RAK FZE. A true and correct copy of the Emaar RAK FZE judgment, dated September 27, 2016, is attached as Exhibit "19".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 27, 2016 at Ras Al Khaimah in the United Arab Emirates.

Moulham Al Chawa

**Index of Exhibits**

| Exhibit | Description |
|---|---|
| 1 | Ras Al Khaimah Free Trade Zone Law of 2000, dated May 1, 2000 |
| 2 | Emiri Decree No. 5 of 2000 |
| 3 | Law No. 4 of 2013, amending Ras Al Khaimah Free Zone Law of 2000, dated May 8, 2013 |
| 4 | Employment Contract between RAKFTZA and Plaintiff, dated April 1, 1998 |
| 5 | United Arab Emirates Labour Law - Federal Labour Law No. 8 of 1980, as amended |
| 6 | Amendment to the Employment Contract between RAKFTZA and Plaintiff, dated May 1, 2011 |
| 7 | Job description for the "Director General/CEO" of RAKFTZA, dated August 5, 2003 |
| 8 | Plaintiff's website, Section "About Me," available at http://www.oussamaelomari.com/index.php/about-me (as seen on August 29, 2016) |
| 9 | Email correspondence among Plaintiff, Salem Al Sharhan, and Maryam Al Murshedi, from May 17, 2012 to May 19, 2012 |
| 10 | Email correspondence among Plaintiff, Salem Al Sharhan, Sheikh Faisal and Maryam Al Murshedi, with attached letter terminating Plaintiff's employment, from May 28, 2012 to May 30, 2012 |

M.C

| Exhibit | Description |
|---|---|
| 11 | Calculations for Plaintiff's end of service gratuity |
| 12 | Payment voucher for Plaintiff's end of service gratuity, dated September 25, 2012 |
| 13 | Cheque issued for Plaintiff's end of service gratuity |
| 14 | Consulting agreement for the retention of GDS & Investment (FZE) services by RAKFTZA, dated December 1, 2012 |
| 15 | Innovida Judgment, dated December 29, 2015 |
| 16 | Innovida Statement of Civil Claim, dated September 15, 2015 |
| 17 | Creek Plaza Judgment, dated October 29, 2014 |
| 18 | International Arrest Warrant, dated February 8, 2015 |
| 19 | Emaar RAK FZE Judgment, dated September 27, 2016 |

M.C