# EXHIBIT 15



إنماء للترجمة القانونية

ENMAA LEGAL TRANSLATION



ترجمة مستند صادر باللغة العربية

**English translation of a document issued in Arabic**

**Government of Ras Al Khaimah Courts Department**

## RAK Criminal Court

### In the name of his Highness Sheikh / Saud Saqr bin Mohamed AlQasmi, the Ruler of Ras Al Khaimah

**Full Court bench:**

Judge: Sameh Hamed Shaker(Chief Judge)

Judge: Husamuddin Mohammed Ali (Member)

Mr. Ahmed Mohammed Al Jamal (Prosecutor)

Mr. Mohammed Alshabhat Al hajeen(Secretary)

### In the public session held on 29/12/2015

**The following judgment has been passed in the Public Prosecution's case no 158 / 2014 RAK Criminal Cases**

### Against

**Defendant:**

1- Ousam El Omari        2- Hans Ulrich Wilhelm    3- Abderrahim Merzak

#### Reasons and Verdict at case No. 158 / 2014 RAK Criminal Cases

*After reciting referral order and after perusing the documents*

Since the public prosecution accused the defendants:

1- Ousam El Omari (American)

2- Hans Ulrich Wilhelm (German)

3- Abderrahim Merzak (Moroccan)

هاتف : ۹۷۱۰۲۱۱ ۷ ۲۲۶۰۲۱۱ - فاكس : ۲۲۶۰۲۱۲ ۷ ۹۷۱+ - ص.ب: ٤٨٧٠ - رأس الخيمة، الإمارات العربية المتحدة
Tel : +971 7 2260211 - Fax: +971 7 2260212 - P.O.Box: 4870 - R.A.K - United Arab Emirates
E-mail: enmaa_lt@hotmail.com : بريد إلكتروني



إنماء للترجمة القانونية
ENMAA LEGAL TRANSLATION

**Since in the period within 2012 and afterwards,**

**The first defendant:**

In his capacity as a public official working for RAK Free Zone Authority, the defendant was entrusted to safeguard a public interest that is, selling "Innovida Ras Al Khaimah Factory FZE" owned by RAKFTZ. However, the defendant deliberately caused financial harm to RAKFTZ amounting to four million US dollars as he illegally obtained $ 750,000 for himself and made the second and third defendants win three million and one hundred fifty thousand US dollars ($ 3,150,000) depriving the authority of the above mentioned amounts as per the documents.

**1- The second defendant:**

- Took part in the abovementioned crime through agreeing with and helping the first defendant in committing the same by providing him with their account numbers so that an amount of $ 4,000,000 could be transferred out of the price of the factory selling transaction to the second defendant's account and out of which the second defendant illegally transferred an amount of $ 750,000 to the account of IBMFREZ company belonging to the third defendant as per the documents.

- The public prosecution requested to punish the defendants as per articles (5) clause (1/5), 45/second, third, 47, 227, 230) of the federal penal code no.3 of 1987 as amended.



The hearing of 25/8/2015 was scheduled to consider the case but neither of the defendants appeared so; the case was postponed till the hearing of 15/9/2015 then to 22/9/2015 so that the defendants could be notified of the same pursuant to article (159) of the criminal procedures law. Neither of the defendants appeared before the court. However, the attorney of RAK Free Zone Authority appeared pursuant to a power of attorney a copy of which was submitted among the documents. He stated that he hereby litigated the defendants with regard to an amount of $ 5,000,000 and requested more time for notification and paying fees. On 13/10/2015, the attorney of RAKFTZ Authority submitted a notice of action and paid the fees but the case was postponed till the hearing of 1/11/2015 so that the defendants could be notified of the same and then to the hearing of 10/11/2015 for notification by publication in accordance with the letter of the public prosecution stating that the defendants are outside the UAE pursuant to article (8) clause (5,4) of the civil procedures law. In the hearing of 10/11/2015, the plaintiff's attorney (RAKFTZ) submitted a proof of notifying the defendants on the court's notification board and on two daily newspapers the first of which was a notification in Arabic in Alkhaleej newspaper, - issue no. 13317 dated 4/11/2015 and the second was a notification in English in Gulf News newspaper dated 9/11/2015. Therefore, the court has decided to set the case for adjudication at today's hearing. The attorney of defendant/ Ousam El Omari submitted a request to reopen pleading but the case dismissed the same being useless.



هاتف : ٢٢٦٠٢١١ ٧ ٩٧١+ ـ فاكس : ٢٢٦٠٢١٢ ٧ ٩٧١+ ـ ص.ب: ٤٨٧٠ ـ رأس الخيمة، الإمارات العربية المتحدة
Tel : +971 7 2260211 - Fax: +971 7 2260212 - P.O.Box: 4870 - R.A.K - United Arab Emirates
بريد إلكتروني : enmaa_lt@hotmail.com :E-mail



إنماء للترجمة القانونية
ENMAA LEGAL TRANSLATION

Since the defendants did not appear in spite of notifying them of the case, the court had to pass its judgment in absentia pursuant to (1/198) of the criminal procedures law.

The summary of case, as understood by the court and through perusing documents, is that: The emirate of Ras Al Khaimah established Investment Authority at RAK Free Zone due to its interest in the achievement of economic renaissance and useful projects and investment development aiming at attracting investors and enhancing industries. The first defendant, a Moroccan national holding USA nationality worked for RAK Free Zone Authority as CEO entrusted with disposing of the authority funds through entering into projects, selling on behalf of the authority and bringing funds for the state. He worked in the above mentioned position from 8/2/2003 to 30/6/2013. RAK Free Trade Zone Authority, a governmental authority belonging to Ras Al Khaimah, was established pursuant to Amiri Decree issued on 1/5/2000 and has been doing its business pursuant to provisions of the law...... "Innovida Middle East", extended to the trade name "Innovida Ras Al Khaimah Factory FZE", holding license no. (8000143), issued on 4/01/2007, was established to be specialized in manufacturing insulated panels and polyurethane compounds in residential and industrial units. The above mentioned company owned the assets of a factory operating in RAK Free Trade Zone pursuant to a lease agreement dated 29/6/2008. Due to special conditions, the said company failed to abide by its obligations towards RAKFTZA so, a dispute arose between them and it was referred to Arbitration Panel under no.(70 of 2011). An arbitration judgment was passed on 31/7/2011 authorizing RAKFTZA to sell the assets of "Innovida Ras Al Khaimah Factory FZE". The first defendant, helped



by the second and third defendants, made use of the above mentioned incident and executed a sale agreement with regard to the said factory based on the arbitration judgment( Copies are attached). The sale agreement included four parties:

**First Party**: The plaintiff (RAK Free Trade Zone Authority).

**Second Party**: JWJ Investment Limited, Jebel Ali Free Zone, in its capacity as a seller represented in the agreement by Ms. Nahla Grez

**Third Party**: Tihama Trading JLT, in its capacity as a buyer represented in the agreement by Mr. Askar Danayev, Kazakh national.

**Fourth Party**: The second defendant/ Hans Ulrich Wilhelm.

The agreement stipulated that the factory should be sold for $ 5, 000,000 - pursuant to the arbitration judgment- (AED 18.362.5000) provided the whole price should be deposited in a guarantee account run by the intermediary company (Bin Shabib Advocates) that would pay $ 4,000,000 to the seller (RAKFTZA) on signing the agreement and the remaining amount of $ 1,000,000 should be paid on operating the factory. After concluding the transaction, the defendants deposited $ 1,000,000 only in the account of the plaintiff (RAKFTZA) at Mashreq Bank- RAK Free Zone Branch pursuant to mail transfer dated 29/9/2011according to the attached statements of accounts. The plaintiff (RAKFTZA) did not receive the remaining amount of $ 4,000,000 since the first defendant along with the other defendants embezzled the same as they concluded the transactions to their own accounts transferring $ 750,000,000 to the first defendant's account. The manager of Tihama Trading JLT/ Askar Danayev confirmed the abovementioned account stating that the plaintiff (RAKFTZA) only received $ 800,000 out of $ 5,000,000 as per a written certification signed by him and attested by the notary public. As a



إنماء للترجمة القانونية
ENMAA LEGAL TRANSLATION

result, the plaintiff (RAKFTZA) submitted a report of the incident to the public prosecution through its attorney/ Tarek Seif Saeed Al sjami who submitted a summary statement of the case.

Evidence was provided for the occurrence of the above mentioned incident Including: the witness of Ms. Roudayna Amin Asbar , Director of Legal affairs at RAK Free zone Authority, the results of the financial expert's report appointed by the public prosecution, the conclusions of Baker & McKenzie 's report, a statement by RAK Free Zone Authority that "Emaar RAK FZE" to which the amount was transferred is owned by the first defendant under a power of attorney given to him by  the third defendant and the documents and letters which proved the amount transferred to RAK Free Zone Authority.

Ms. Roudayna Amin Asbar , Director of Legal affairs at RAK Free zone Authority, testified before the public prosecution that since she worked for the authority from 3/3/2013, the first defendant worked as a general Manager authorized with supervising all departments under his command at the authority, making  decisions related to the same and implementing the policy of the authority board. He was responsible for selling such factory. On reviewing the files of Innovida Ras Al Khaimah Factory FZE, Ms Roudayna discovered that the said factory was sold to Tihama Trading JLT without any reference to the way in which that transaction was concluded. She also discovered the existence of a second party representing the seller that is, "GWG Investment Limited" without any reference to its role in the transaction and the reason for its existence as a second seller and a partner with RAKFTZA in the agreement in violation of the arbitration judgment stating that RAKFTZA is the owner of the factory. On examining documents, she concluded



that RAK Free Zone Authority is entitled to $ 4,000,000 since the price of the factory – pursuant to the arbitration judgment- is 5,000,000 out of which the authority received $ 1,000,000 only through the guarantor (Bin Shabib Advocates) which represents neither RAKFTZA nor the buyer. On 22/8/2011, the buyer transferred an amount from his own account at Abu Dhabi Commercial Bank to an unknown account and he also deposited $ 1,000,000 only in RAKFTZA's account on 22/9/2011. Ms. Roudayna added that Mr. Ousam El Omari was the general manager and nobody presided over him at that time. In addition, the reaming amount was not deposited in RAKFTZA's account till date.

Mr. Askar Danayev, Kazakh national, testified at the evidence collecting record that the defendant/ Ousam El Omari admitted to him that he had received about ($ 4200000) and distributed the same to himself, Mr. Ulrich Schwartau and other members. He added that he is the owner of Tihama Trading JLT which bought "Innovida Ras Al Khaimah Factory FZE" from Mr. Ousam El Omari who represented RAK Free Zone Authority and he deposited the price in the account of M/s (Bin Shabib Advocates) at Emirates NBD under no. (1022334755401).

The report of the financial expert appointed by the public prosecution also concluded that the price of selling "Innovida Ras Al Khaimah Factory FZE" was$ 5,000,000. The guarantor M/s (Bin Shabib Advocates) received the price pursuant to a guarantee agreement dated 18/8/2011. The buyer (Mr. Askar Danayev) deposited the price in the account of M/s (Bin Shabib Advocates) at Emirates NBD under no. (1022334755401), and an amount of $ 1,000,000only was deposited in



RAKFZA at Mashreq Bank. On examining bank statements of accounts, it was discovered that the person who received the remaining amount ($ 3.923.186.63) was the defendant/ Hans Ulrich Wilhelm holding account no. (1022334755401) at HSBC Bank. On examining the second defendant's account, it was discovered that he had transferred the above mentioned amount to himself and others including "Emaar RAK FZE" to which he transferred $ 750,000 in addition to another $ 750,000 to" IBMFREZ".

RAK Free Zone Authority stated that "Emaar RAK FZE" to which the above mentioned amount was transferred is owned by the first defendant under ageneral power of attorney given to him by the original owner -the third defendant- Abderrahim Merzak who left the UAE to France on 22/3/2006 according to General Directorate of Residency & foreigners' Affairs.

RAK Free Zone Authority also stated that " IBMFREZ" Company to which the above mentioned amount was transferred is owned by the third defendant- Abderrahim Merzak who gave a general power of attorney to the first defendant authorizing him to absolutely manage "Emaar RAK FZE" in order to make the first defendant win $ 750,000.

A memorandum by the office of consultant Baker & McKenzie stated that: on 9/11/2003 a license was issued in the name of Emaar RAK FZE to work at RAK Free Zone where it did its business without having an office within RAK Free Zone. The license was not renewed until 2007 and the company worked for 4 years without a license so, the business done by the defendant/ Ousam ElOmari with regard to "Emaar RAK FZE" deprived RAKFTZA of revenues including license



إنماء للترجمة القانونية
ENMAA LEGAL TRANSLATION

charges, rent allowances, etc for four years from 2004 to 2007. There are no agreements, lease deeds or licenses, etc with regard to Emaar RAK FZE among RAKFTZA* files since the defendant/ Ousam El Omari made use of his authorities to offer facilities to Emaar RAK FZE which he is its original owner depriving RAKFTZA of about AED 3,000,000 which he seized himself or allowed other parties to seize.

A letter by RAK Free Zone Authority stated that the defendant/ Ousam ElOmari, American national, worked as CEO from 08/02/2003 to 03/06/2012, at 24th employment grade. The last time he exited the UAE was on 15/02/2014 from Dubai international Airport to Switzerland.

An E-mail message by the legal consultant of RAK Investment Authority included copies of: request to cancel the license of Emaar RAK FZE, a general power of attorney no. (2004/36م /5449), given by Mr. Abderrahim Merzak - Moroccan national, holding passport no. **Redacted** issued on 07/08/2003- in his capacity as the owner of Emaar RAK FZE, in favor of the defendant Ousam El Omariand a general power of attorney no. (272/6017), given by the defendant/ Ousam El Omari, in his capacity as attorney of the owner, Mr. Abderrahim Merzak in favor of Mr. Shanho Badithari Moido- Indian national.

As an introduction to its judgment mentioned below, the court thinks that the crime in question represents an official's making use of his public service in order to gain



advantage for himself or for other persons while causing prejudice to the public service he is entrusted with. Article 227 of the Penal Code stated that:

((Punishment by term imprisonment shall be inflicted upon any public official or person assigned to public service who has been entrusted to safeguard the interest of the State, or any of the authorities stated in Article (5), in a transaction, operation, or case, and who willfully prejudices such an interest in order to gain advantage for himself or for another person)).

On examining the above mentioned article, we find that the "prejudice" crime has a unique position in the said law since it requires the capacity and specialization of a public official. The lawmaker incorporated it into the crime of "gaining advantage" so that it could form one crime consisting of two factors that is, intentional prejudice (with its Physical and mental elements) and a special intentional (intention of gaining advantage for the defendant himself or for another person). The crime shall not materialize unless the two factors take place.

Therefore, the intentional prejudice crime requires the following conditions:

**First**: The defendant shall be public official or person assigned to public service.

**Second**: *The defendant's specialization* that is, to be entrusted to safeguard the interest of the State, or any of the authorities stated in Article (5), including but not limited to a transaction, operation, or case. As the lawmaker only mentioned examples of the said interests so, the same conviction shall apply to any duties the official may be entrusted with which constitute interests to his public service provided other elements of the crime exist.

هاتف : ٢٢٦٠٢١١ ٧ ٩٧١+ - فاكس : ٢٢٦٠٢١٢ ٧ ٩٧١+ - ص.ب: ٤٨٧٠ - رأس الخيمة، الإمارات العربية المتحدة
Tel : +971 7 2260211 - Fax: +971 7 2260212 - P.O.Box: 4870 - R.A.K - United Arab Emirates
E-mail: enmaa_lt@hotmail.com : بريد إلكتروني



إنماء للترجمة القانونية
ENMAA LEGAL TRANSLATION

**Third**: The physical element of the crime or the action that is, an action done by the defendant leading to causing harm to the money or the interest of the plaintiff whether it was in the form of decreasing money, losing profit or depriving of a right.

Prejudice, as a necessary element of the crime, must be real and certain whether it was present or expected.

**Fourth**: The mental element of the crime. Since this crime is intentional, the criminal intention had two forms;

1- General Intention: The official intended to do harm to his institution, accepted the same and did it.

2- Special Intention: The official's intention to gain advantage out of doing the above mentioned harm. Special intention is the objective which encourages the criminal to do his crime whether that objective comes true or not. The crime in question is very serious since it endangers the public service and threatens its impartiality. The lawmaker did not state that the result of the criminal's action has to come true rather, the criminal's trial to gain the advantage is sufficient to prove his crime.

As for the capacity of a "public official" in the accusation in question: Article (5) of the Penal Code defined a public official as the following: ((1- Persons entrusted with the public authority and employees working in ministries and governmental departments......5- Chairmen and members of boards of directors and all other employees working in associations and public welfare institutions)..... Article (7) of the Penal Code defined a government as the following: ((In this law, unless the context otherwise requires, "Government" shall include the Federal Government



and the Governments of the Union of Emirates)). Therefore, the capacity of a public official is applied to the defendant since he worked as a general manager entrusted to safeguard the duties he is authorized to do and he worked for the plaintiff which is a governmental authority. The defendant was authorized to safeguard the plaintiff's funds, protect its interests and make the best use of its resources.

As for the intentional prejudice: the defendant intentionally prejudiced RAKFTZA's interests since he took part with the other defendants in executing the contract in question- as he was the person concerned with executing such important contracts- with the buyer. The defendant along with other defendants allowed executing the sale agreement with regard to selling "Innovida Ras Al Khaimah Factory FZE" , owned by the plaintiff to Tihama Trading JLT against $5,000,000 (AED 18.362.5000) provided the whole price will be paid to the plaintiff (RAKFTZA) through the guarantor (Bin Shabib Advocates). However, only $1,000,000 was deposited in the plaintiff's account while the remaining amount was seized by the first defendant in his capacity as the person authorized to consummate the sale and the second and third defendants in their capacity as owners of a company illegally included in the agreement. Therefore, the defendants' above mentioned actions definitely did harm to the plaintiff (RAKFTZA).

The general criminal intention existed in the crime in question represented in intentionally prejudicing the plaintiff's interests. The defendant entered into a contract with the buyer in order to allow another company owned by the second and third defendants to make profit and deprive the authority, he worked for, of



إنماء للترجمة القانونية
ENMAA LEGAL TRANSLATION

that profit. He illegally included the said company in the agreement and kept the transaction's price for himself and others. The defendant preferred his own interest to that of the authority he worked for intending to prejudice the interests of this authority.

The Special criminal intention also existed in the crime in question represented in the defendants' desire to allow the first defendant to make profit out of the above mentioned transaction. The defendant kept the price for himself and did not deposit it in the plaintiff's account. Moreover, the result of the intention came true and the causality link existed between doing the prejudice represented in executing the illegal agreement and the result of that prejudice represented in seizing the price. Therefore, the elements of the crime existed and the defendants shall be punished.

It is established in the judicature of the court of cassation that ((the law did not stipulate a specific form for drafting the description and circumstances of the incident requiring punishment in the conviction judgment as long as there were sufficient details with regard to the elements of the crime and the circumstances of the incident in accordance with the court's view))

## ((Appeals no 10 of 3 ق session of 20/07/2008 , rule 39,page: 360 - court of cassation))

It is also established in the judicature that ((The court is entitled to examine witnesses' sayings and other elements of the case in order to form a correct



opinion with regard to the case in question as per its own satisfaction and it has the right to dismiss any other evidence it is not satisfied with.))

### ((Criminal Judgments- Appeals no 26 of 5 قى session of 23/05/2010 -RAK court of cassation))

As a result, since the court is satisfied with the evidence mentioned in the above mentioned documents and the crime elements existed in the incident in question, the court is convinced that the defendants were found guilty and they shall be punished in accordance with article (227) of the penal code as amended and article (212) of the criminal procedures law.

As for the restitution of the money involved in the crime: Article 230 of the penal code stated that: (( Apart from the penalties prescribed for crimes indicated in this chapter, the culprit shall be sentenced to restitution and a fine equal to the amount of the property involved in or resulting from the crime)).

It is established that the above mentioned fine stated in article (230)of the penal code shall be jointly paid by the defendants since it is a proportionate fine as per article (72)of the penal code.

### ((Appeals no 55 of 1999, session of 01/05/1999 - Dubai court of cassation))

The restitution means paying back the amount of the property involved in or resulting from the crime so, the defendants are obliged to jointly restitute the amount along with a fine equal to the amount involved in the crime that is, $ 4,000,000 as per the verdict mentioned below.



**As a result, the court is satisfied that:**

**The defendants:**

1- Ousam El Omari (American)

2- Hans Ulrich Wilhelm (German)

3- Abderrahim Merzak (Moroccan)

Since in the period within 2012 and afterwards,

**The first defendant:**

In his capacity as a public official working for RAK Free Zone Authority, the defendant was entrusted to safeguard a public interest that is, selling "Innovida Ras Al Khaimah Factory FZE" owned by RAKFTZ. However, the defendant deliberately caused financial harm to RAKFTZ amounting to four million US dollars as he illegally obtained $ 750,000 for himself and made the second and third defendants win three million and one hundred fifty thousand US dollars ($ 3,150,000) depriving the authority of the above mentioned amounts as per the documents.

**3- The second defendant:**

4- Took part in the abovementioned crime through agreeing with and helping the first defendant in committing the same by providing him with their account numbers so that an amount of $ 4,000,000 could be transferred out of the price of the factory selling transaction to the second defendant's account and out of which the second defendant illegally transferred an amount of $ 750,000 to the account of IBMFREZ company belonging to the third defendant as per the documents.



هاتف : ٢٢٦٠٢١١ ٧ ٩٧١+ - فاكس : ٢٢٦٠٢١٢ ٧ ٩٧١+ - ص.ب: ٤٨٧٠ - رأس الخيمة، الإمارات العربية المتحدة
Tel : +971 7 2260211 - Fax: +971 7 2260212 - P.O.Box: 4870 - R.A.K - United Arab Emirates
E-mail: enmaa_lt@hotmail.com : بريد إلكتروني



- The court decided to punish the defendants as per articles (5) clause (1/5),
45/second, third, 47, 227, 230) of the federal penal code no.3 of 1987 as
amended.

As for the deportation punishment: Due to the gross corruption which the
defendants committed, the court ordered their deportation from the state after
the execution of the punishment pursuant to article (121/1) of the penal code.
Moreover, the court also ordered the removal of the first defendant from public
office for 3 years pursuant to article (81) of the penal code. As for the restitution
and proportional fine: The court ordered to bind the defendants jointly to restitute
$4,000,000 along with a fine equal to the same amount pursuant to articles (72 and
230) of the penal code.

As for the civil case filed by RAK Free Zone Authority: Since the civil case
requires an investigation which may influence passing a sentence with regard to
the current criminal case, the court decided to refer the civil case to the competent
civil court pursuant to article (26) of the criminal procedures law.



إنماء للترجمة القانونية
ENMAA LEGAL TRANSLATION

## For these reasons

### The court has passed the following sentence in absentia with regard to the three defendants:-

1- To punish each defendant with imprisonment for seven years, to bind the three defendants jointly to restitute $4,000,000 along with a fine equal to the same amount, to remove the first defendant from public office for three years and to deport the three defendants from the state after the execution of the punishments.

2- To refer the civil case to the competent civil court.

| Secretary | Judge |
|-----------|-------|
| (sd) | (sd) |

Note:

The court bench that heard pleading and deliberation, set the case for adjudication and signed the draft consisted of counselor/ Sameh Ahmed Shaker (Chief Judge), counselor/ Ahmed Othman Al Amir (member) and counselor/ Hossam Eddin Mohammed Ali (member). The court bench that passed the sentence is mentioned above.

هاتف : ٢٢٦٠٢١١ ٧ ٩٧١+ ـ فاكس : ٢٢٦٠٢١٢ ٧ ٩٧١+ ـ ص.ب: ٤٨٧٠ ـ رأس الخيمة، الإمارات العربية المتحدة
Tel : +971 7 2260211 - Fax: +971 7 2260212 - P.O.Box: 4870 - R.A.K - United Arab Emirates
بريد إلكتروني : enmaa_lt@hotmail.com : E-mail

1

جنايات 158/2015
2015/12/29م

حكومة رأس الخيمة
Government of Ras Al Khaimah



دائرة المحاكم
Courts Department

## محكمة جنايات رأس الخيمة

باسم حضرة صاحب السمو الشيخ / سعود بن صقر بن محمد القاسمي حاكم رأس الخيمة

| | |
|---|---|
| المشكلة علنا برئاسة القاضي / سامح حـامد شاكر | رئيس المحكمة |
| القاضـــــي / هشــام طلعــت نصيف | عضـــوا |
| القاضــــي / حسام الدين محمد علي | عضـــوا |
| والسيد الأستاذ / أحمد محمد الجمـل | وكيل النيابة |
| والسيـــــد / محمـد الشحات الهجين | أمين السر |

### وبالجلسة العلنية بتاريخ 2015/12/29م

أصدرت الحكم الآتـي

فـي قضيــة النيابـة العامـة رقـم 158 / 2015 جنايات رأس الخيمة

ضـــد

المتهمـــــين : 1- أوسام العمري ، 2- هانس أورتيس ويلهيلم ، 3- عبدالرحيم مرزاق

أسـباب ومنطوق الحكم الصادر في الدعوى

رقم 158 / 2015م جنايات رأس الخيمة

بعد تلاوة أمر الإحالة والاطلاع على الأوراق والمداولة قانوناً:-

حيث أن النيابة العامة اتهمت كلاً من:-

### 1- أوسام العمري ( أمريكي الجنسية )

### 2- هانس أورتيس ويلهيلم مشوارتو ( ألماني الجنسية )

### 3- عبدالرحيم مرزاق ( مغربي )

لأنهم في غضون عام 2011 وما بعدها

المتهم الأول:-

بدائرة رأس الخيمة



رئيس الهيئة

أمين السر

2



جنايات 2015/158
2015/12/29
حكومة رأس الخيمة
Government of Ras Al Khaimah



دائـرة الـمـحـاكـم
Courts Department

حال كونـه موظف عام بهيئة المنطقة الحرة برأس الخيمة عهد إليه الحفاظ على مصلحة عامـة بصفته السابقة – بيع مصنع اينوفيد المملوك للهيئة – أضـر عمداً بأموال ومصالح الهيئة ضرراً مالياً يقدر بمبلغ أربعة ملايين دولار أمريكي ليحصل على ربح لنفسه بمبلغ (( 750 ألف دولار أمريكي )) ولتربيح الثاني والثالث مبلغ ثلاثة ملايين ومائة وخمسين أل دولار أمريكي دون وجه حق حارماً الجهة العامة منه على النحو الثابت بالأوراق.

المتهمان الثاني والثالث:-

اشتركا بطريق الاتفاق والمساعدة مع المتهم الأول في ارتكاب الجريمة موضوع التهمة الأولى بأن اتفقا على ارتكابها وساعداه بأن أمداه ببيانات حساباتهما التي تم تحويل مبلغ أربعة ملايين دولار أمريكي مـن قيمـة صـفقة بيـع المصـنع آنـف البيان لحسـاب المـتهم الثـاني الـذي حـول منهـا مبلـغ (( 750 ألف دولار )) لحساب شركة IBMFREZ الخاصة بالمتهم الثالث دون وجه حق على النحو المبين بالأوراق.

وطالبـت عقـابهم طبقـاً لأحكـام المـواد فقـرة (( 1 )) بنـد (( 5 )) ، (( 2/45-3 ، 47 ، 227 ، 230 )) من قانون العقوبات الاتحادي رقم (( 3 لسنة 1987 )) وتعديلاته .

وحيث قد تحدد لنظر الدعوى جلسة 2015/8/25 ولم يحضر أحد من المتهمين حيث تأجلت الدعوى لإعلانهم لجلسة 2015/9/15 ثم لجلسة 2015/9/22 لإعلانهم على ضوء المادة (( 159 )) إجراءات جزائية ولم يحضر أحد منهم ، كما مثل وكيل عن هيئة المنطقة الحرة بإمارة رأس الخيمة بموجب وكالة أرفق صورتها بالأوراق وقرر بأنه يدعي مدنياً قِبل المتهمين جميعاً بمبلغ خمسة ملايين دولار أمريكي وطلب أجلاً للإعلان وسداد رسمها ويجلسة 2015/10/13 قدم لائحة إعلان بالدعوى المدنية مسدد عنها الرسم من هيئة المنطقة الحرة ولم تعلن للمتهمين فتأجلت لجلسة 2015/11/1 لإعلانهم وفقاً لقانون الإجراءات المدنية ثم لجلسة 2015/11/10 لإعلانهم بطريق النشر وفقاً لخطاب النيابة الثابت به أنهم خارج البلاد عملاً بالمادة (( 8 )) فقرة (( 4 ، 5 )) من قانون الإجراءات المدنية حيث أنه بجلسة 2015/11/10 قدم وكيل الهيئة / المدعية بالحق المدني

رئيس الهيئة

أمين السر

3

حكومة رأس الخيمة

Government of Ras Al Khaimah

دائـرة الـمـحـاكـم

Courts Department

ما يفيد إعلانهم على لوحة إعلانات المحكمة وعدد صحيفتين يوميتين واسعة الانتشار الأولى بجريدة الخليج العدد (( 13317 )) في 2015/11/4 لإعلان المتهمين باللغة العربية والأخرى باللغة الأجنبية بجريدة جلف نيوز في 2015/11/9 وبجلسة ختام المرافعة قررت المحكمة حجز الدعوى للحكم ليصدر فيها بجلسة اليوم تقدم خلالها بطلب فتح باب المرافعة من وكيل المتهم أوسام العمري ثابت به أنه على علم بالدعوى ومدون به رقم دعوى أخرى مضمومة للدعوى محل الحكم تبين للمحكمة عدم جدوى الطلب وتلتفت عنه لعدم جديته .

وحيث أن المتهمين لم يمثلوا بالرغم من إعلانهم قانوناً فتقضي المحكمة في غيبتهم عملاً بنص المادة (( 1/198 )) من قانون الإجراءات الجزائية .

وحيث أن الواقعة حسبما استقرت في يقين المحكمة مستخلصة من كافة أوراق الدعوى وما دار بشأنها من أوراق ومذكرات تتحصل في أن هذه الإمارة الكريمة في ظل سعيها لتحقيق النهضة الاقتصادية والمشروعات القوية وتنمية الاستثمار أسست هيئة الاستثمار بالمنطقة الحرة وكان هدفها جذب المستثمرين وتشجيع الصناعات الكبرى وإذ بالمتهم الأول مغربي الأصل يحمل الجنسية الأمريكية عمل لدى الهيئة بوظيفة مدير عام تنفيذي يعهد إليه بالتصرف في أموال الهيئة بصفته مدير عام بها بعمل المشروعات والتصرف بالبيع لصالحها وإدخال الأموال للدولة حيث عمل بتلك الوظيفة منذ عام 2003/2/8 حتى 2013/6/30 وإذ كانت الهيئة المدعية بالحق المدني هيئة حكومية تتبع حكومة رأس الخيمة وقد أنشأت بموجب قانون المنطقة الحرة برأس الخيمة بموجب المرسوم الأميري الصادر بتاريخ 2000/5/1 وهي تمارس مهامها وفقاً لأحكام القانون حيث أنها ذات نفع عام وموظفيها موظفين عمومين ..... وحيث أنشأت شركة اينوفيد اميل ايست ليمتد بالاسم التجاري اينوفيد مصنع رأس الخيمة بموجب الرخصة رقم (( 8000143 )) صادرة في 2007/10/4 وتنتهي في 2010/10/3 وأنشأت لغرض صناعة مركبات الألواح العازلة والبولي اريثيات في المنشآت السكنية والصناعية حيث كانت الشركة تمتلك أصول مصنع يعمل في المنطقة الحرة برأس الخيمة بموجب

رئيس الهيئة



أمين السر

4

جنايات 158/2015

2015/12/29م

حكومة رأس الخيمة

**Government of Ras Al Khaimah**



دائـرة الـمـحـاكـم

**Courts Department**

عقد – ايجار مؤرخ 2008/6/29 ونتيجة لظروف خاصة بها لم تتمكن من الوفاء بالتزاماتها تجاه الهيئة – فنشأ نزاع بينهما أحيل إلى هيئة التحكيم برقم (( 70 لسنة 2011 )) حيث صدر قرار المحكم في 2011/7/31 بتفويض الهيئة المدعية بالحق المدني ببيع أصول المصنع المملوك للشركة ابنوفيدا مصنع رأس الخيمة ش.م.ح .. فاستغل المتهم الأول بمساعدة واتفاق المتهمـان الثاني والثالث ذلك بتاريخ 2011/9/18 وقاموا بإبرام اتفاقية لبيع المصنع المملوك لشركة انوفيدا استناداً لحكم التحكيم – المرفق صورتيهما – وتضمنت الاتفاقية أربع أطراف:-

طرف أول أساسي:– وهو الهيئة المدعي بالحق المدني بصفتها البائعة.

طرف ثاني: مؤسسة جي دبليو جي وهي مؤسسة في المنطقة الحرة بجبل علي بصفتها بائع وممثلتها بالاتفاقية ووقعت عنها السيدة / نهلا جريز.

طرف ثالث: شركة تهامة التجارية بصفتها مشترية ووقع عنها السيد / عسكر دناييف – كازخستاني الجنسية.

طرف رابع: المتهم الثاني هانس أورريس ويلهيليم.

وقد نصت في الاتفاقية على بيع المصنع بمبلغ بخمس ملايين دولار أمريكي – وفقاً لحكم التحكيم – أي ما يعادل على مبلغ (( 18.362.5000 درهم )) على أن يودع كامل ثمن أصول المصنع في حساب ضمان يتولى إدارته شركة الوسيط وهي مكتب ( بن شبيب للمحاماة ) ويقوم الأخير بدفع مبلغ أربع ملايين دولار أمريكي إلى البائع ( الهيئة ) عند التوقيع على الاتفاقية ويدفع الباقي وقدره مليون دولار عند بدء تشغيل المصنع في الموقع الجديد ..... وعقب إتمام الصفقة وبيع أصول المصنع قام المتهمون بإيداع مبلغ مليون دولار أمريكي لحساب الهيئة المدعية بالحق المدني لدى بنك المشرق فرع المنطقة الحرة بإمارة رأس الخيمة بموجب حوالة بريدية في 2011/9/29 وفقاً لكشوف حسابات الهيئة – المرفقة بالأوراق – أما باقي المبلغ محل الصفقة وقدره 4 ملايين دولار أمريكي لم تتسلمه الهيئة لقيام المتهم الأول بالاستيلاء عليه مع باقي المتهمين حيث ساعدوه في إتمام الصفقة لحساباتهم وتحويل مبلغ (( 750 ألف دولار )) لحسابه وهو ما أكده مدير شركة ( تهامة ) المدعو / عسكر

SAMAA ABU EL NAGA
Legal Translator accredited
by the ministry of justice
English Arabic English

SAMAA FOR LEGAL TRANSLATION

أمين السر                                                                                    رئيس الهيئة

158/2014 جنايات
2015/12/29م
حكومة رأس الخيمة
Government of Ras Al Khaimah

دائرة المحاكم
Courts Department

دنابيف التي اشترت أصول المصنع وأن المدعية بالحق المدني لم تحصل إلا على مبلغ (( 800.000 )) ثماني مائة ألف دولار أمريكي من أصل مبلغ 5 ملايين دولار وفقاً للإفادة الخطية الموقعة منه بذلك ومصدق عليها لدى كاتب العدل الأمر الذي حدا بالهيئة بالتقدم ببلاغ إلى النيابة العامة عن طريق وكيلها طارق سيف سعيد الشامي وقدم حافظة مستندات بذلك.

وحيث أن الواقعة على النحو السالف بيانه قد قام الدليل على صحتها أخذاً بما شهدت به ردينة أمين أسبر مدير الشئون القانونية لهيئة المنطقة الحرة برأ س الخيمة وما قرره عسكر دنابيف بمحضر جمع الاستدلالات وما ثبت من تقرير لجنة الخبراء الحسابية المنتدبة بالنيابة العامة وما أثبته تقرير مكتب بيكرآن ماكنزي وما ثبت من إفادة هيئة المنطقة الحرة من أن شركة أعمارلك الممول إليها المبلغ أن مالكها هو المتهم الأول بوكالة الثالث ، وما حوته الأوراق من خطابات البنوك والمستندات في ما تم تحويله للهيئة.

حيث شهدت ردينة أمين أسبر – مدير الشئون القانونية لهيئة المنطقة الحرة وهيئة رأس الخيمة للاستثمار – في تحقيقات النيابة أنها خلال فترة عملها منذ تاريخ 2013/3/3 أم الهيئة حكومية وأن طبيعة عمل المتهم الأول بها هو مدير عام للهيئة ويختص بالتوجيه والإشراف على جميع الأقسام التابعة له في الهيئة واتخاذ القرارات المتعلقة بها وتنفيذ سياسة مجلس إدارة الهيئة حيث كان مفوضاً في ذلك وأنه المسئول عن بيع مصنع بهذه القيمة الكبيرة وأنها حال قيامها بمراجعة ملفات مصنع أنوفيدا اكتشفت أن المصنع تم بيعه إلى شركة تهاما ولم يكن في الأوراق ثمة ما يشير إلى كيفية قيام هذا البيع على تلك الشركة بالذات وتبين لها وجود طرف آخر ممثل للبائع وهو شركة جي بليو جي إنفاستمنتلميد ولم يكن لهم ثمة دور في عقد البيع ولا سبب تواجدهم في الاتفاقية ووضعهم بصفتهم بائع ثاني ومن ثم اعتبار تلك الشركة شريك للهيئة في البيع دون تحديد نسبتها في العقد وهو ما يعد مخالفاً لحكم التحكيم من ملكية الهيئة للمصنع وبفحص المستندات انتهت إلى أن الهيئة لها حق بمبلغ أربعة ملايين دولار لأن قيمة المصنع وفقاً لحكم التحكيم خمسة ملايين دولار ولم يتم سداد سوى مليون دولار لدى الضامن وهو مكتب بن شبيب للمحاماة وهو مكتب لا يمثل الهيئة كما هو لا يمثل المشتري

رئيس الهيئة

أمين السر

BARAA ABU EL MAGD
Legal Translator accredited by the ministry of justice
English-Arabic-English
ENMAA FOR LEGAL TRANSLATION

6



حكومة رأس الخيمة
**Government of Ras Al Khaimah**

دائرة المحاكم
**Courts Department**

وأنه في تاريخ 2011/8/22 قام المشتري بتحويل من حسابه في بنك أبوظبي التجاري إلى حساب آخر لم تظهر تفاصيله وثبت إيداعه فعلاً في حساب الهيئة مبلغ مليون دولار فقط بتاريخ 2011/9/22 وأضافت أن المتهم أوسام العمري كان مدير عام للهيئة ولم يكن هناك من يرأسه ولم يتم إيداع باقي المبلغ في حساب الهيئة حتى تاريخه.

وشهد عسكر دانايف – كازخستاني الجنسية – " مستثمر " بمحضر جمع الاستدلالات بأن المتهم / أوسام العمري قد أقر له باستلامه مبلغ وقدره (( 4200000 دولار )) تقريباً وأنه قام بتوزيع المبلغ بينه وبين من يدعى / أولى شوار أتود وياقي الأعضاء وأضاف بأن الشركة التي يملكها وهي المسمى ( تهاما ) للتجارة قد قامت بشراء شركة أنوفيدا مصنع رأس الخيمة المنطقة الحرة ممن يدعى / أوسام العمري الذي يمثل الهيئة بمبلغ خمسة ملايين دولار وأنه قام بإيداع قيمة شراء ذلك المصنع في حساب مؤسسة بن شبيب وشركاه كضامن لدى بنك الإمارات دبي الوطني يحمل رقم (( 1022334755401 )) .

كما ثبت من تقرير لجنة الخبراء الحسابية المشكلة بمعرفة النيابة العامة أن قيمة بيع المصنع – أنوفيدا – المملوك للهيئة هو مبلغ خمس ملايين دولار أمريكي وبموجب اتفاقية ضمان مؤرخة 2011/8/18 فإن الضامن – مكتب بن شبيب وشركاه – هو المستلم لثمن بيع المصنع وقد تبين إيداع المشتري – عسكر دانييف – قيمة المصنع لحساب الضامن لدى بنك الإمارات دبي الوطني والذي يحمل رقم (( 1022334755401 )) حيث تم إيداع مبلغ مليون دولار إلى حساب الهيئة لدى بنك المشرق ، وثبت من خلال دراسة كشوف الحسابات البنكية أن الشخص المستلم للمبلغ المتبقي من قيمة عقد بيع المصنع هو المتهم / هانس اوتيش وبلهيلم صاحب الحساب رقم (( 1022334755401 )) لدى بنك اتش اس بي سي والذي استلم مبلغ (( 3.923.186.63 )) دولار كما ثبت من فحص حساب المتهم الثاني أنه قام بتحويل المبلغ سالف البيان لنفسه وآخرين منهم حساب شركة أعمار راك مول حول إليها مبلغ (( 750 )) ألف دولار أمريكي وكذا مبلغ ((750)) ألف دولار أمريكي آخر إلى شركة IBMFREZ .

رئيس الهيئة

أمين السر



7

حكومة رأس الخيمة

**Government of Ras Al Khaimah**



دائـرة الـمـحـاكـم

**Courts Department**

حيث ثبت من إفادة هيئة المنطقة الحرة أن شركة أعما راك المحول إليها المبلغ سالف البيان في البند رقم (( 1 )) من ملاحظات النيابة أن المالك الفعلي لها هو المتهم الأول بموجب عقد وكالة مطلقة لصالحه من مالكها الأصلي – المتهم الثالث – عبدالرحيم مرزاق والثابت من إفادة الإدارة العامة للإقامة وشئون الأجانب أنه غادر البلاد إلى دولة فرنسا بتاريخ 2006/3/22.

كما ثبت من إفادة هيئة المنطقة الحرة أن شركة IBMFREZ المحول إليها المبلغ سالف الذكر مملوكة للمدعو / عبدالرحيم مرزاق والذي وكل المتهم الأول بالإدارة العامة المطلقة في شركة أعما راك لتربيح المتهم الأول أوسام العمري مبلغ (( 750 )) ألف دولار أمريكي.

ثبت من مذكرة مكتب الخبير الاستشاري بيكر أند ماكنزي أنه بتاريخ 2003/11/9 صدر ترخيص باسم إعمار راك للعمل في المنطقة الحرة برأس الخيمة حيث قامت بمزاولة عملها عملها بالمنطقة دون أن يكون لها مقر داخل المنطقة الحرة ولم يتم تجديد ترخيص المنشأة في عام 2007 حيث أنها عملت لمدة 4 سنوات دون أن يتم التراخيص بها وأن ما قام به المتهم أوسام العمري من أعمال بشأن إعمار راك أدى لضياع إيرادات على الهيئة خلال فترة الأربع السنوات من عام 2004 حتى 2007 تتمثل في رسوم ترخيص وبدل إيجار .... ولا يوجد في ملفات الهيئة أي اتفاقية بين الهيئة وإعمار راك أو إيجار أو تراخيص وخلافه حيث قام المتهم أوسام العمري كموظف استغلال السلطات الممنوحة له بصفته مدير عام هيئة المنطقة الحرة برأس الخيمة وقام بتقديم تسهيلات إلى منشأة إعمار راك والذي يعتبر هو المالك الفعلي لها مما أضاع على الهيئة مبالغ تقارب بـ 3 ملايين درهم ترحب بها لنفسه ولغيره .

ثبت من خطاب هيئة المنطقة الحرة برأس الخيمة ما يفيد أن المتهم / أوسام العمري – أمريكي الجنسية – كان يعمل بوظيفة مدير تنفيذي منذ 2003/02/08م لتاريخ 2012/06/03م بالدرجة الوظيفية رقم 24 وثبت حركات دخوله وخروج المتهم بأن كان آخر خروج له من مطار دبي الدولي بتاريخ 2014/02/15م متجهاً إلى سويسرا .

ثبت من البريد الالكتروني الوارد من المستشار القانوني لهيئة رأس الخيمة للاستشارات يتبين طلب



رئيس الهيئة

أمين السر

8




دائرة المحاكم
Courts Department

إلغاء ترخيص شركة إعمار راك وكذا وكالة عامة مطلقة برقم(( 5449/م36/2004 )) رأس الخيمة صادرة من عبد الرحيم مرزاق – مغربي الجنسية جواز سفر رقم (( P 575192 )) صادر بتاريخ 2003/08/07م بصفته مالك مؤسسة إعمار راك وذلك لصالح المتهم أوسام العمري وكذا توكيل عام بالإدارة والتصرف برقم (( 6017/272 )) رأس الخيمة من المتهم أوسام العمري بصفته وكيلاً عن عبد الرحيم مرزاق إلى سويتش كرنيل بن شانهر باديتهاري مويدو – هندي الجنسية .

وحيث إنه فإن المحكمة تمهد لقضائها في ذلك بأن هذه الجريمة تمثل استغلال الوظيفة العامة من خلال العمل على تحقيق مصلحة خاصة من ورائها سواء لنفسه أو لغيره بما يغير بمصلحة جهة عمله المكلف بها بالسهر عليها وتحقيقها بنزاهة . وجاء نص المادة (( 227 )) من قانون العقوبات الاتحادي : " يعاقب بالسجن المؤقت كل موظف عام أو مكلف بخدمة عامة عهد إليه بالمحافظة على مصلحة الدولة أو لإحدى الجهات التي وردت ذكرها في المادة ( 5 ) في صفقة أو عمله أو قضية وأضر عمداً بهذه المصلحة ليحصل على ربح لنفسه أو لغيره .

وحيث إنه باستقراء ذلك النص نجد أن جريمة الإضرار تميز في ذلك التشريع بوضع فريد إذ أنها تتطلب فضلاً صفة الموظف العام واختصاصه فإن المشرع عمد إلى دمجها في جريمة التربح لتضحى والحال كذلك جريمة مركبة من عنصرين إضرار عمدي بركنيه المادي والمعنوي بالإضافة إلى قصد خاص وهو نية تربح الجاني لنفسه أو الغير ، ولا تقوم الجريمة إلا بتوافر العنصرين ، بعكس الحال في قانون العقوبات المصري الذي أفرد نص المادة (( 115 )) عقوبات لجريمة التربح بمفردها ، ونص المادة ((116)) مكرر عقوبات لجريمة الأضرار العمدي بمفردها، وعلى ذلك تتطلب جريمة الإضرار العمدي بالمادة (( 227 )) آنفة البيان عدة شروط : –

أولاً : شرط مفترض في صفة الجاني أن يكون موظفاً عاماً أو مكلف بخدمة عمومية .

ثانياً : اختصاص الجاني أن يكون معهود إليه بالمحافظة على إحدى مصالح الدولة أو جهة من الجهات المنصوص عليها في المادة (( 5 )) وذكر المشرع لأمثلة لتلك الصور تلك الجريمة فضرب مثلاً بالصفقة أو عملية أو قضية وهي لم ترد على سبيل الحصر ومن ثم فكل ما يعهد إلى الموظف


رئيس الهيئة

أمين السر


9

9



جنايات 2015/158
2015/12/29م

حكومة رأس الخيمة
**Government of Ras Al Khaimah**



دائــرة الـمـحـاكـم
**Courts Department**

العام من عمل ويشكل مصلحة لجهة عمله يكون مُحلاً للتجريم متى توافر باقي عناصر الجريمة .

**ثالثاً :** الركن المادي لتلك الجريمة الفعل المسبب الإضرار تحقق السلوك بشكل نشاط يصدر من الجاني سواء كان إيجابياً أو سلبياً ويترتب عليه إحداث الضرر بالمال أو المصلحة ولابد من وقوع هذا الضرر سواء كان مادياً أو أدبياً و سواء كان في صورة لنقاص مال أو ضياع ربح محقق او حرمان من حق ولا عبرة بجسامة الضرر .

ويشترط في الضرر كركن لازم لقيام هذه الجريمة أن يكون حالاً أي حقيقياً سواء كان حاضراً أو مستقبلاً وإن يكون مؤكداً أي ثابتاً على وجه اليقين لأن الجريمة لا تقوم على احتمال تحقق أحد أركانها.

**رابعاً :** الركن المعنوي فهذه الجريمة عمدية وينقسم فيها القصد الجنائي إلى شقين :

**الأول :** وهو القصد العام يقتضي علم المتهم بأنه كموظف عام بما يأتيه من سلوك يغير بمصالح جهة عمله وأن إرادته قد اتجهت إلى ارتكاب الفعل وتعمد إحداث الضرر لجهة عمله وقبل ذلك وأقدم عليه .

**الثاني :** هو القصد الخاص وهو نية الجاني من وراء الأضرار أن يحصل لنفسه أو لغيره على ربح والقصد الخاص هو غاية يتمثلها الجاني في ذهنه فتكون واقعاً بحرك إرادته لارتكاب الفعل يستوي في ذلك أن يتحقق هذا الأمر في الواقع أو لا يتحقق ، فهذه الجريمة من جرائم الخطر الذي يهدد نزاهة الوظيفة العامة لأنها تؤدي إلى تعرض المصلحة العامة للخطر من تربح الموظف العام من ورائها ولا بحول دون توافر هذا الخطر آلا يترتب عليه تربح حقيقي أو ألا يتمثل في خطر حقيقي فعلي فهو خطر مجرد بحكم التعارض بين المصلحتين العامة والخاصة ولم يستلزم المشرع في سلوك الجاني أن يتحقق نتيجة بل تكفي محاولة الحصول على الربح أو المنفعة فإذا كان لا يقصد ربح أو منفعة له أو لغيره فلا تقوم الجريمة .

وحيث إنه عن صفة الموظف العام في تلك التهمة فلما كانت المادة الخامسة من قانون العقوبات قد عرفت الموظف العام بقولها ( يعتبر موظف عام في حكم هذا القانون ... ( أ ) ) القائمون



نسيب الهيئة

أمين السر

10

158/2015 جنايات
2015/12/29م

حكومة رأس الخيمة
**Government of Ras Al Khaimah**

دائـرة الـمـحـاكـم
**Courts Department**

بأعباء السلطة العامة والعاملون في الوزارات والدوائر الحكومية 5- رؤساء مجالس الإدارة وأعضاؤها المديرون وسائر العاملين في الهيئات والمؤسسات العامة ) ... وحيث إن المادة السابعة من قانون العقوبات عرفت الحكومة بقولها ( تشمل كلمة الحكومة الواردة في هذا القانون الحكومة الاتحادية وحكومات الإمارات الأعضاء في الاتحاد ما لم يقتضي سياق النص على غير ذلك ) وتطبيقاً لذلك فقد توافر في المتهم الشرط المفترض من صفة الموظف العام واختصاصه بصفته مدير عام يحافظ على ما عهد إليه من وظيفته يعمل في الهيئة المدعية بالحق المدني وهي هيئة حكومية تصبغ عليه صفة الموظف العام وهو بوظيفته تلك المنوط به المحافظة على أموال الهيئة والتصرف في شؤونها بما يحقق النفع العام وحسن استغلال كافة مواردها .

وحيث إنه عن فعل الإضرار العمدي فلقد توافر قيام المتهم بالأضرار عمداً بمصالح الهيئة بالاشتراك بالمساعدة مع المتهمين الثاني والثالث في إبرام العقد الاتفاقية محل الدعوى فتلك الجريمة تتكون من جملة أفعال قوامها الاتفاق على العقد – وهو المختص بصفته الوظيفية في إبرام تلك العقود الهامة – مع الشركة المشترية وصياغته والغرض من إنشاءه هو مصلحة الهيئة المدعية بالحق المدني باعتبارها جهة الاستثمار وليس مصلحة المتهمين حيث سمح المتهم الأول بمساعدة الآخرين في إبرام اتفاقية البيع لمصنع أينوفيدا المملوك للهيئة المدعية بالحق المدني بصفتها البائعة وهو القائم بدوره في ذلك إلى شركة تهامة التجارية بصفتها مشترية واتفقا على أن يكون الثمن وفقاً لحكم المحكم مبلغ وقدره خمسة ملايين دولار أي ما يعادل مبلغ وقدره (( 18.36.2.5000 درهم )) على أن يودع كامل الثمن لصالح الهيئة في ضمان مكتب بن شبيب للمحاماة والذي تم بالفعل إيداعه واستلام الهيئة مبلغ مليون دولار أمريكي إلا أن الباقي وقدره أربعة ملايين دولار لم تسلمها الهيئة حيث استولى عليهم المتهمون الأول بصفته القائم بالبيع والثاني والثالث بصفتهما ملاك لشركة تم إدخالها في الاتفاقية دون وجه مشروع وقانوني لهما حيث تبين أن شركة إعمار راك مملوكة للثالث بصفته موكلاً للأول بموجب وكالة مطلقة على النحو السالف سرده الثابت بتقرير اللجنة محل الدعوى ،وحيث ما أثره المتهمين من أفعال كان بقصد ترجيح المتهم الأول من جراء ذلك التعاقد والتي من شأنها أدت إلى إضراراً بالهيئة

أمين السر

11



حكومة رأس الخيمة

**Government of Ras Al Khaimah**



دائرة المحاكم

**Courts Department**

من دفع مبالغ لم تضمن حقها في ثمن المبيع .

ولقد توافر القصد الجنائي العام من تعمد فعل الأضرار فقد أقدم المتهم الأول مع التعاقد مع الشركة المشترية وهو يعلم علم اليقين أنه ليس بمستثمر وأنه بصفته عن الهيئة لم يحقق الربح لها وإنما لشركة أخرى مملوكة للمتهمين الثاني والثالث بأن أدخلهما في الاتفاقية دون وجه لهما ووضعت عقود بيع بصفقة الثمن دون إيداعها للهيئة وإنما استلامها لنفسه بقصد التربح لنفسه وللغير رفضل بلا شك مصلحته على مصلحة جهة عمله بقصد إضراره بتلك الجهة .

كما قام القصد الخاص لدى المتهمين باتجاه إرادتهم إلى إتاحة أوسع الفرص لتظفير المتهم الأول من وراء تربحه من تلك الصفقة بأن استلم المال إلى جيبه الخاص دون إيداعها لحساب الهيئة وقد تحققت النتيجة من القصد وقامت رابطة السببية بين فعل الضرر وهو تحرير العقد بحالته غير القانونية والمبهمة والذي تتوافر معه أركان تلك الجريمة في حق المتهمين بما يستلزم معه عقابهم .

وحيث إنه من المقرر في قضاء التمييز أن بيان الواقعة المستوجبة للعقوبة والظروف التي وقعت فيها لم يرسم القانون شكلاً خاصاً لصياغتها في الحكم الصادر بالإدانة طالما كان ما أورده كافياً في تهم الواقعة بأركانها وظروفها حسبما استخلصته المحكمة (محكمة التمييز – الطعن رقم 10 لسنة 3 ق – جلسة 2008/07/20 القاعدة 39 ص 360).

حيث إنه من المقرر أيضاً أن للمحكمة أن تستخلص أقوال الشهود وسائر عناصر الدعوى المطروحة أمامها الصورة الصحيحة لواقعة الدعوى حسبما يؤدى إلى اقتناعها وأن تطرح ما يخالفها من صور أخرى وكان تقدير الدليل موكولاً إليها متى اقتنعت به واطمأنت إليه وأخذت به ومتى أخذت بشهادة شاهد فإن ذلك يفيد أنها طرحت جميع – الاعتبارات التي ساقها الدفاع لحملها على عدم الأخذ بها حيث يعد ذلك جدلاً موضوعياً .

(محكمة التمييز رأس الخيمة – الأحكام الجزائية – الطعن رقم 26 لسنة 5 ق – جلسة 2010/5/23)

ولما كان ذلك وكانت المحكمة قد اطمأنت إلى أدلة الثبوت الواردة بالأوراق آنفة البيان ومن توافر



رئيس الهيئة

أمين السر

12



جنايات 2015/158
2015/12/29م

حكومة رأس الخيمة
Government of Ras Al Khaimah



دائرة المحاكم
Courts Department

أركان الجريمة فإنها قد ثبت في يقينها إدانته المتهمين بهذا الفعل الأمر الذي يتعين معه إدانتهم عملاً بنص المادة ((227)) من قانون العقوبات الاتحادي وتعديلاته والمادة ((212)) من قانون الإجراءات الجزائية.

وحيث أنه عن رد المال موضوع الجريمة وما تحصل منها فمن المقرر بنص المادة ((230)) من قانون العقوبات الاتحادي أنه فضلاً عن العقوبات المقررة للجرائم الواردة في هذا الفصل يحكم على الجاني بالرد وبغرامة مساوية لقيمة المال موضوع الجريمة أو المتحصل منها.

ومن المقرر أن الغرامة التي نصت عليها المادة ((230)) عقوبات هي من الغرامات النسبية التي أشارت إليها المادة ((72)) من قانون العقوبات مما يجب الحكم بها على المتهمين متضامنين أو على سبيل الانفراد فاعلين كانوا أو شركاء.

(محكمة التمييز دبي الطعن رقم 55 لسنة 1999 قضائية جلسة 1999/05/01)

وعلى هذا فالمقصود بالرد هنا هو إما المال موضوع الجريمة أو المال المتحصل منها فلفظ (أو) يفيد المغايرة ومن ثم فلا يجوز أن يحصل الرد مرتين عن ذات الفعل ..... ويلتزم المتهمون بالرد وبغرامة نسبية مساوية وذلك بالتضامن فيما بينهم عن التهمة على النحو الذي سيرد بالمنطوق وهو قيمة 4 مليون دولار أمريكي باقي قيمة المبيع.

وحيث أنه لما كان ذلك فيكون قد استقر في يقين المحكمة أن المتهمين:

| | |
|---|---|
| أمريكي الجنسية | 1-أوسام العمري |
| ألماني الجنسية | 2-هانس أورتيس ويلهيلم مشواريتو |
| مغربي الجنسية | 3-عبد الرحيم مرزاق |

لأنهم في غضون عام 2011 وما بعدها                   بدائرة رأس الخيمة

المتهم الأول:

حال كونه موظف عام بهيئة المنطقة الحرة برأس الخيمة عهد إليه الحفاظ على مصلحة عامة بصفته السابقة – بيع مصنع نوفيدا المملوك للهيئة – أضر عمداً بأموال ومصالح الهيئة ضراراً مالياً



رئيس الهيئة

أمين السر

13

جنايات 2015/158
2015/12/29م

حكومة رأس الخيمة
**Government of Ras Al Khaimah**



دائــرة الـمـحـاكـم
**Courts Department**

يقدر بمبلغ أربعة ملايين دولار أمريكي ليحصل على ربح لنفسه سبعمائة وخمسين ألف دولار أمريكي ولتربيح المتهمين الثاني والثالث بمبلغ ثلاثة ملايين ومائتين وخمسين ألف دولار أمريكي دون وجه حق حارماً الجهة العامة منه . . . . . على النحو الثابت في الأوراق.

**المتهمان الثاني والثالث:**

اشتركا بطريقي الاتفاق والمساعدة مع المتهم الأول في ارتكاب الجريمة موضوع التهمة الأولى بأن اتفقا معه على ارتكابها وساعداه بأن أمداه ببيانات حساباتهما التي تم تحويل مبلغ أربعة ملايين دولار أمريكي من قيمة صفقة بيع المصنع آنف البيان لحساب المتهم الثاني والذي حول منها مبلغ سبعمائة وخمسين ألف دولار لحساب شركة IBM FREZ الخاصة بالمتهم الثالث دون وجه حق . . على النحو المبين بالأوراق.

الأمر الذي تقضي معه المحكمة بمعاقبتهم بالمواد ((1/5) ، بند (5) ، 2/45-3، 47، 227، 230)) من قانون العقوبات الاتحادي رقم ((3 لسنة 1987)) وتعديلاته.

وحيث أنه عن عقوبة الأبعاد فلما كانت الدعوى تنطق بحجم الفساد الذي مارسه المتهمون والفساد الذي مارسه المتهمون والفساد الذي ارتكبوه والذي ضرب أرضاً دمر فيها الأخضر واليابس كالسوس ينخر في العظام فوجب استئصاله بالقانون فتقضي المحكمة بإبعادهم عن البلاد عقب تنفيذ العقوبة عملاً بنص المادة ((1/121)) عقوبات .... كما تقضي المحكمة بعزل المتهم الأول لمدة 3 سنوات عملاً بالحق المخول لها بنص المادة ((81)) عقوبات وحيث أنه عن عقوبة الرد والغرامة النسبية فتقضي بإلزام المتهمين بها بالتضامن بأن يؤدوا مبلغ أربعة ملايين دولار أمريكي وهي رد المبلغ ويغرامة مساوية له عملاً بالمادتين ((72، 230)) من قانون العقوبات.

وحيث أنه عن الدعوى المدنية المقامة من هيئة المنطقة الحرة فلما كانت تلك الدعوى تستلزم تحقيقاً سيعطل الفصل في الدعوى الجنائية مما يستتبع إحالتها للمحكمة المدنية المختصة عملاً بنص المادة ((26)) من قانون الإجراءات الجزائية.



رئيس الهيئة

أمين السر

14

158/2015 جنايات
2015/12/29م

حكومة رأس الخيمة
**Government of Ras Al Khaimah**



دائـرة الـمـحـاكـم
**Courts Department**

| ظلهذه الأسباب |
| --- |

حكمت المحكمة غيابياً على المتهمين جميعاً:-

1-بمعاقبة كل متهم بالسجن لمدة سبع سنوات عما أسند إليهم من إتهام وألزمتهم بالتضامن بالرد قيمة 4 ملايين دولار أمريكي وبغرامة مساوية للمال موضوع الجريمة والمتحصل منها وقدره 4 ملايين دولار أمريكي وأمرت بعزل المتهم الأول لمدة ثلاث سنوات وبإبعادهم جميعاً عن البلاد عقب تنفيذ العقوبات المقضي بها.

2-بإحالة الدعوى المدنية إلى المحكمة المدنية المختصة.

رئيس الهيئة                                                                                        أمين السر

ملحوظة:-

الهيئة التي سمعت المرافعة والمداولة وحجزت الدعوى للحكم ووقعت على المسودة هي المشكلة برئاسة المستشار / سامح حامد شاكر ، وعضوية كلا من المستشارين / أحمد عثمان الأمير والمستشار / حسام الدين محمد علي ، أما الهيئة التي نطقت بالحكم فهي المشكلة يصدر هذا الحكم.

ENMAA FOR LEGAL TRANSLATION

فد ، وجا ، خي