# EXHIBIT 16

**Habib Al Mulla**

**In the Honorable RAK Criminal Court**

**Statement of Civil Right Claim**

**In the Case No 158/2013- Penal**

**Date: 15/9/2015**

**Plaintiff: RAK Free Trade Zone Authority**

Address: Ras Al Khaimah, UAE, P.O. Box: 10055

Represented by the advocates: Dr. Habib Al Mulla, Tareq Al Shamsi, Iman Assad, Amjad Assad, Rashid Shaheen, Mohamed Al Marzoqi, Hamad Al Rahma and Sara Felnkaz.
**Defendants:**

**1- Osam El Omari,** of Moroccan origin and holder of American passport No
**Redacted**

2- Hans Orutis Wilhilem Chuarato, German national (Fugitive).

3- Abdul Rahim Mirzaq, Moroccan national (Fugitive).

**<u>Subject: Claim for USD 5,000,000.00 (US Dollars Five Million), equivalent to Dhs 18,362,500 (Dirhams eighteen millions three hundred sixty two thousand and five hundred only) as a civil compensation.</u>**

**<u>Facts</u>:**

1-The Plaintiff is a government authority affiliated to the Emirates of Ras Al Khaimah government. It was established in accordance with the RAK Free Trade Zone Law issued by the Amiri decree dated 1/5/2000 and practices its activities in accordance with the provisions of law. It is a public utility corporation.

2- The First Defendant is of Moroccan origin and holder of American passport No
**Redacted**   He was working with the Plaintiff in the position of general manager from 8/2/2003 until 30/6/2013.

3- Innovida Factory Ras Al Khaimah FZC was the owner of assets of a factory operating in the RAK Free Trade Zone, under a lease contract dated 29/6/2008. In view of specific circumstances, the abovementioned company failed to fulfill its obligations towards the Plaintiff. Accordingly, the dispute was referred to

arbitration and the arbitration award was issued, on 31/7/2011, authorizing the Plaintiff to sell the assets of the factory owned by Innovida Factory Ras Al Khaimah FZC.

4- On 18/9/2011, the First and Second Defendants concluded an agreement for sale of the factory owned by Innovida Factory Ras Al Khaimah FZC, in accordance with the abovementioned arbitration award. Such agreement comprises four parties, as follows:

a- The Plaintiff, in its capacity as the seller, and the agreement was signed on its behalf by the Frist Defendant.

b- JWJ FZE, an establishment located in the jebel Ali Free Zone, as a seller, represented in the agreement by Mrs. Nahla Huraiz who signed on its behalf;

c- Tehama Trading Co, as purchaser, and the agreement was signed on its behalf by Mr. Askar Dnaif; and

d- Second Defendant Mr. Hans Orutis Wilhilem Chuarato

The abovementioned agreement provides as follows:

- The factory sale price, as agreed, shall be USD 5,000,000.00  (Five millions US Dollars), i.e. equivalent to Dhs 18, 362,500 (Dirhams eighteen million three hundred sixty two thousand five hundred only).

- It is agreed that the factory assets total price shall be deposited in an escrow account to be managed by Bin Shabib Advocates & Legal Consultants. Clause 5-1 of the agreement indicates that the sale price amount has been deposited with the escrow account trustee.

- The Second Defendant undertook to shift and install the factory equipment and machinery, and that they shall be operating properly.

- The intermediator (Bin Shabib Advocates & Legal Consultants) shall pay the plaintiff, upon signing the agreement, an amount of four millions US Dollars (USD 4,000,000.00). The balance amount of one million US Dollars shall be paid upon commencement of the factory operations in the new site.

- The deal has been completed and the factory assets have been sold and being operated by Tehama Trading Co. However, the balance amount of four millions US Dollars (USD 4,000,000.00) has not been paid to the Plaintiff. By reviewing the plaintiff's account with banks, it is found that the amount paid to it is  Dhs

3,660,000 (Dirhams three million six hundred sixty six thousand only), i.e. approximately One million US Dollars only. This amount has been deposited in the Plaintiff's account with Mashreq Bank, RAK Free Trade Zone branch, as shown by the Plaintiff's statements of account. The Plaintiff received only the abovementioned amount from the factory assets sale price, although the total price of five million US Dollars is due to it.

5- After reviewing and auditing the bank accounts, the Plaintiff found that the abovementioned amount of Four million US Dollars was not deposited in its account. After verification and inquiry, it found that the above amount was embezzled by the First Defendant and his partners who helped him to complete the deal. This is confirmed by the statements of the named Askar Dnaif, manager of Tehama Trading Co, which purchased the factory assets under the agreement referred to in clause (4) of the facts. Moreover, he informed the Plaintiff that the First Defendant has informed him, in a meeting, that the balance amount which exceeds Four Million US Dollars has been embezzled by the Defendant (Osam), and such amount was distributed between him and the other team members who contributed with him to complete the deal (i.e. the Second and third defendants). Moreover, the Plaintiff received only USD 800,000 (Eight hundred US Dollars), from the original price of USD 5,000,000 (Five million US Dollars). In addition, he made an affidavit signed by him and attested by the notary public as a proof for the incident.

6- The Plaintiff lodged a penal complaint with the public prosecution requesting a penal report to be opened under the title of unjustifiably embezzling the property of the state and facilitating this matter to other persons. Accordingly, the subject case has been registered. A docket is attached herewith including a consultative report shows the all incidents committed by the Defendants. Their acts are prohibited in accordance with the law and punished under Articles 225 and 227 of the penal code. The abovementioned report includes also all the documents which prove the aforesaid facts. In view of the above, the Defendant's acts are harmful and caused gross financial and moral damages to the Plaintiff. Moreover, such acts are prohibited and punished under provisions of law, including unjustifiably embezzling, by the First Defendant in his capacity as a public official, the property of the state and facilitating the same for another person, which is punished under the provisions of Article 225 of the penal code. Moreover, the Defendant's acts include the crime of taking advantage and willful prejudice the country interest and one of its affiliated entities, and taking advantage for themselves or other persons.

All these acts are prohibited and punished under the provisions of Article 227 of the abovementioned penal code. Accordingly, the Plaintiff is entitled to claim compensation for these damages, in accordance with the provisions of Article 22 of the penal procedures law, which stipulates that:

(Anybody incurs a direct personal damage from a crime shall have the right to claim the civil rights against the suspect, during collection of the evidences or investigation, or before the court that hears the penal case, regardless the status of the case, until closing the pleadings. However, such claim shall not be permissible before the court of appeal).

**Therefore, the plaintiff kindly requests the honorable court as follows:**

1- To admit the civil right claim and permit it to pay the related fees; and

2- To bind the defendants jointly to pay the plaintiff an amount of USD 5,000,000.00 (Five million US Dollars), equivalent to Dhs 18, 362,500 (Dirhams eighteen million three hundred sixty two thousand five hundred only), together with expenses and attorney's fees. The plaintiff reserves the right to amend its claims.

Thanks and best regards

Plaintiff's attorney: Dr. Habib Al Mulla, Tareq Al Shamsi, Iman Assad, Amjad Assad, Rashid Shaheen, Mohamed Al Marzoqi, Hamad Al Rahma and Sara Felnkaz.